FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 DEC 11 PM 2:30

DISTRICT COURT
DISTRICT OF FLORIDA
FLORIDA

DAVID DEPAUL,

    Plaintiff,

v.

CASE NO.: 6:15-CV-2091-OrI-37-GJK

CHRISTIAN CARE MINISTRY, INC.
a Florida Not for Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, DAVID DEPAUL, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, CHRISTIAN CARE MINISTRY, INC., ("Defendant" or "CCM") a Florida Not for Profit Corporation, and resided in Brevard County, Florida.

4. From August 2010 until his illegal termination on January 23, 2015, Plaintiff worked for Defendant as a Development Specialist in Melbourne, Florida.

5. Defendant operates a not for profit corporation in Brevard County, Florida.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. At all times relevant hereto, Plaintiff worked out of Defendant's Melbourne location where the Defendant employed 50 or more employees within 75 miles.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

10. During his nearly five (5) year tenure, Plaintiff was considered an exemplary employee with no history of performance, attendance, or disciplinary problems.

11. In November of 2014, Mr. DePaul became seriously ill due to uncontrollable high blood pressure for which he had treated three (3) or more times within the prior twelve months with a health care practitioner.

12. Due to this serious medical/health condition, Plaintiff necessitated leave time off from work to recover and pursue medical treatment.

2

13. Plaintiff notified Defendant of his need for medical treatment and FMLA time off from work in late November/early December 2014.

14.    On January 19, 2015, Plaintiff submitted FMLA paperwork to CCM's Human Resources Department.

15. Plaintiff kept Defendant apprised of the delay in securing his FMLA documents from his treating doctors from the time he verbally requested FMLA, and explained the reason for delay by his doctors to Defendant's management and human resources.

16. On January 21, 2015, Plaintiff was contacted by his Department Manager at CCM and was told that he would need to meet with Human Resources on January 23, 2015.

17. During the meeting on January 23, 2015, Defendant terminated Plaintiff's employment in retaliation for his request for FMLA leave to address his chronic serious health condition under the FMLA.

## FMLA INTERFERENCE/ RETALIATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff exercised his right to take leave from work under the FMLA.

20. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA.

21. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, and requested FMLA medical leave time off to receive medical treatment regarding his condition.

22. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA, as he disclosed his "serious health condition" to Defendant and need for FMLA leave.

23. Defendant interfered with and retaliated against Plaintiff for exercising his right under the FMLA, because Defendant terminated Plaintiff in lieu of allowing him to take FMLA leave.

24. Defendant refused to allow Plaintiff to return to his job, or to an equivalent position, after necessitating and requesting FMLA eligible leave, and instead, pretextually fired him and replaced him with someone who was not on FMLA and who was not as qualified as Plaintiff.

25. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

26. As a result of Defendant's intentional, willful and unlawful acts by interfering and retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

4

DATED this 19th day of November 2015.

By:/s _____
Richard Celler, Esq.
FL Bar No.: 173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (866) 344-9243
Fax: 954-337-2771
E-mail:
richard@floridaovertimelawyer.com

5

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

# Detail by Entity Name

## Florida Not For Profit Corporation

CHRISTIAN CARE MINISTRY, INC.

## Filing Information

| | |
|---|---|
| **Document Number** | N99000002705 |
| **FEI/EIN Number** | 59-3556915 |
| **Date Filed** | 09/04/1998 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 10/28/2014 |
| **Event Effective Date** | NONE |

## Principal Address

4150 W. EAU GALLIE BLVD
MELBOURNE, FL 32934

Changed: 10/28/2014

## Mailing Address

P.O. BOX 120099
W. MELBOURNE, FL 32912

Changed: 01/21/2010

## Registered Agent Name & Address

MEGGS, TONY PRES
4150 W. EAU GALLIE BLVD.
MELBOURNE, FL 32934

Name Changed: 01/05/2012

Address Changed: 03/11/2015

## Officer/Director Detail

## Name & Address

Title P

MEGGS, TONY
4150 W. EAU GALLIE BLVD
MELBOURNE, FL 32934